IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL INDICTMENT |
| | ) | |
| JEROME BUSHAY, et al., | ) | NUMBER 1:10-cr-521-TCB |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NUGEN MOTOR SPORTS, INC., | ) | |
| d/b/a Nugen MotorSports, | ) | |
| | ) | |
| Movant. | ) | |

## **O R D E R**

This matter is before the Court on Magistrate Judge Baverman's

Report & Recommendation ("R&R") [365], which denies Nugen Motor

Sports, Inc.'s ("Nugen's") motion for partial dismissal of forfeiture

provision and release of certain wrongly seized property [216].

After conducting a careful and complete review of a magistrate

judge's findings and recommendations, a district judge may accept, reject,

or modify a magistrate judge's report and recommendation.

28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of a report and recommendation to which an objection is not asserted are reviewed for plain error.  *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Court has conducted a careful review of the magistrate judge's legal conclusions and Nugen's objections thereto.  Having done so, the Court finds that Judge Baverman's legal conclusions were correct and that Nugen's objections have no merit.  Nugen, a third party claimant, has no right to intervene in this criminal case; it may only assert its interest in the seized property through an ancillary forfeiture proceeding once the criminal case has concluded and this Court has entered a preliminary order of forfeiture.  *See United States v. Cone*, 627 F.3d 1356 (11th Cir. 2010) ("Nowhere do the provisions [of 21 U.S.C. § 853] grant [third parties] a

private cause of action or right to appeal a court's ruling outside of an ancillary forfeiture proceeding," and "Section 853 affirmatively bars interference by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c) . . ."); *United States v. Douglas*, 55 f3d 584 (11th Cir. 1995) (21 U.S.C. § 853(k) expressly bars third parties from commencing a suit against the United States government except as provided in 853(n)); *see also U.S. v. Lazarenko*, 469 F.3d 815 (9th Cir. 2006) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property").

Accordingly, the Court ADOPTS AS ITS ORDER the R&R [365] and DENIES Nugen's motion for partial dismissal of forfeiture provision and release of certain wrongly seized property [216].

IT IS SO ORDERED this 22nd day of August, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge

3